**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4185**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY LAWRENCE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
Senior District Judge.  (1:02-cr-00087-FWB)

_____

Submitted: August 4, 2006          Decided: August 25, 2006

_____

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Benjamin D. Porter, MORROW, ALEXANDER & PORTER, PLLC,
Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner,
United States Attorney, Sandra J. Hairston, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Rodney Lawrence appeals his ninety-six month sentence imposed following his guilty plea to one count of conspiracy to launder money in violation of 18 U.S.C. § 1956(a)(1)(A)(ii), (h) (2000), and to two counts of structuring transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(3), (c) (2000). Lawrence does not appeal his conviction. We vacate the sentence and remand for resentencing in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005).

Lawrence asserts that his Sixth Amendment rights were violated because his sentence is based in part on judicially found facts that he did not admit in his guilty plea. Specifically, Lawrence argues that the base offense level was erroneously increased twenty levels based on a judicial finding that the money laundered was derived from the distribution of 400 to 700 kilograms of marijuana. Lawrence additionally asserts that a two level enhancement was impermissibly added based on a judicial finding that he was the organizer or leader of a criminal activity that involved less than five participants. Because Lawrence preserved this issue by objecting under <u>Blakey v. Washington</u>, 542 U.S. 296 (2004), during sentencing, this court's review is for harmless error. <u>United States v. Rodriguez</u>, 433 F.3d 411, 415 (4th Cir. 2006). The Government concedes error, and agrees that Lawrence's sentence must be vacated and remanded for resentencing.

We find that the district court committed Sixth Amendment error in sentencing Lawrence.[1]  Although Lawrence pled guilty to laundering money derived from a marijuana distribution operation, there is no evidence that Lawrence admitted to the amount of marijuana for which he was held accountable.  Moreover, Lawrence never admitted to holding a leadership position in the operation.  Rather, these relevant facts were determined by the probation officer, and adopted by the district court.  Accordingly, because the district court's determinations of the base offense level and sentencing enhancement were based upon facts not admitted by Lawrence, we conclude that they were applied in error.  If drug quantity is not used to determine Lawrence's base offense level, and the enhancement for holding a leadership position is removed, Lawrence's total offense level would be sixteen.[2]  This, coupled with Lawrence's criminal history category of I, yields a sentencing range of twenty-one to twenty-seven months.  Because this range is lower than the sentence imposed upon Lawrence, we conclude that the Sixth Amendment error is not harmless.

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Lawrence's sentencing.

[2]See United States v. Evans, 416 F.3d 299, 300 n.4 (4th Cir. 2005) (noting that, in determining whether Sixth Amendment error occurred, sentence imposed must be compared to permissible guideline range before adjusting for acceptance of responsibility).

Accordingly, we vacate Lawrence's sentence and remand to the district court for resentencing.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[3]Although the sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court "must consult [the] Guidelines and take them into account when sentencing" a defendant. 543 U.S. at 264. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and then impose the sentence. See Hughes, 401 F.3d at 546. If that sentence falls outside of the Guideline range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). The sentence must be "within the statutorily prescribed range" and "reasonable." Id. at 547.