**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4255**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY LAWRENCE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:02-cr-00087-WLO)

---

Submitted:  February 28, 2008      Decided:  July 25, 2008

---

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Benjamin D. Porter, MORROW ALEXANDER & PORTER, PLLC, Winston-Salem, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Lawrence pled guilty to one count of conspiracy to launder money in violation of 18 U.S.C. § 1956(a)(1)(A)(ii), (h) (2000) ("Count Two"), and two counts of structuring transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(3), (c) (2000) ("Counts Eight and Sixteen"). Lawrence was initially sentenced to ninety-six months' imprisonment. We vacated Lawrence's sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). United States v. Lawrence, No. 06-4185 (4th Cir. Aug. 25, 2006) (unpublished). On remand, the district court resentenced Lawrence to eighty-seven months in prison and three years of supervised release. Lawrence's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but suggesting that the district court erred in its imposition of sentence on remand. Lawrence was advised of his right to file a pro se supplemental brief, but he has not done so. For the following reasons, we affirm.

Lawrence first claims that his sentence for Counts Eight and Sixteen violates Apprendi v. New Jersey, 530 U.S. 466 (2000), because the sentencing judge determined facts without either a jury verdict or Lawrence's admission, which increased Lawrence's sentence beyond the statutory maximum provided by 31 U.S.C. § 5324(d)(1) (2000). Because Lawrence raises this issue for the

first time on appeal, this court's review is for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). To establish plain error, Lawrence must show that an error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if these conditions are met, we will only correct an error that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 736.

We find no error because Lawrence pled guilty to violating § 5324 while violating another law of the United States; namely, conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) (2000). Accordingly, the district court properly utilized § 5324(d)(2) to determine the statutory maximum for Counts Eight and Sixteen.

We further find that Lawrence's sentence is reasonable. The district court appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the advisory guideline range, and weighed the relevant 18 U.S.C. § 3553(a) (2000) factors. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Lawrence's eighty-seven month sentence, which is within the applicable guideline range and below the statutory maximum, is therefore presumptively reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456,

2462-65 (2007) (approving appellate presumption of reasonableness accorded sentences within properly calculated guideline range). Nothing in the record calls into question the reasonableness of Lawrence's sentence. See Gall v. United States, 128 S. Ct. 586, 597-98 (2007).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Lawrence's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED